FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

03 JUN 20 AM 9:01

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ATC DISTRIBUTION GROUP, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CV 03-B-0431-NW ) |
| ROBERT L. JONES, SR.; ROBERT L. JONES, JR.; READY-BUILT TRANSMISSIONS, INC., | ) ) ) ) |
| Defendants. | ) ) |

ENTERED

JUN 20 2003

## MEMORANDUM OPINION

This case is presently pending before the court on defendants' Motion to Dismiss. (Doc. 4.)[1] As grounds for their motion, defendants contend that this court should abstain from exercising jurisdiction over this case, "according to the principles articulated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)," in deference to the proceedings in the Circuit Court of Lauderdale County, Alabama, in *ATC Distribution Group v. Conroy*, CV 2002-383. (*Id.*) Upon consideration of the record, the submission of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' Motion to Dismiss, (doc. 4), is due to be denied.

### I. STANDARD OF REVIEW

Defendants ask this court to dismiss plaintiff's Complaint in deference to the state-

---

[1]Reference to document number, ["Doc."], refers to the number assigned to each document filed in the court's record.

court proceedings based on the *Colorado River* doctrine of abstention. "[T]he decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 19 (1983). However, "such discretion must be exercised under the relevant standards [of] *Colorado River's* exceptional-circumstances test, as elucidated by the factors discussed in that case." *Id.*

## II. DISCUSSION

Defendants contend that this court should abstain from hearing this case pursuant to the *Colorado River* doctrine. "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813. The *Colorado River* doctrine allows a federal court – in *exceptional* circumstances – to dismiss a case because of a parallel state court litigation. *Id.*; *see also Moses H. Cone Memorial Hospital*, 460 U.S. at 15. "The 'exceptional circumstances' necessary for abstaining under *Colorado River* requires the balancing of several factors . . . and the balance should be heavily weighted in favor of the exercise of jurisdiction." *Sheerbonnet, Ltd. v. American Express Bank, Ltd.*, 17 F.3d 46, 49 (2d Cir. 1994)(citations omitted). "The emphasis is not to find some substantial reason *for* the exercise of the jurisdiction, but rather, '. . . whether there is the clearest justification to *surrender* that jurisdiction.'" *Northern Insurance Co. v. David Nelson Construction Co.*, 41 F. Supp. 2d 1332, 1338 (M.D. Fla. 1999)(quoting *Moses H. Cone Memorial Hospital*, 460 U.S. at 25-26)(emphasis added).

"Before the *Colorado River* doctrine can be applied the district court must first

2

determine that the concurrent state and federal actions are actually parallel;" this means that the parties and the issues are "substantially similar." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998); *Sheerbonnet*, 17 F.3d at 49-50; 32A AM. JUR. 2D *Federal Courts* § 1312 ("Before even considering the factors that go into determining whether abstention is appropriate, it is first necessary to determine whether there exist parallel duplicative state proceedings. *Colorado River* requires parallel suits, not identical ones. A suit is 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.")(footnotes omitted). "If the state and federal court proceedings are not concurrent, the *Colorado River* abstention is unquestionably not appropriate." *Northern Insurance*, 41 F. Supp. 2d at 1339. Even if the proceedings are parallel, the federal court has a "virtually unflagging obligation . . . to exercise the jurisdiction given them;" therefore, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River*, 424 U.S. at 817.

The court's first determination is whether the state court proceeding and the instant proceeding are "parallel." The proceedings must be parallel because –

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses

*Moses H. Cone Memorial Hosp.*, 460 U.S. at 28 (citations omitted); *see also Intel Corp. v.*

3

*Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993). "Suits are 'parallel,' for the purposes of determining whether *Colorado River* abstention applies, if they 'involv[e] the same parties and the same issues.'" *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002)(quoting *RepublicBank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987)(quoting *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973)) and citing *Mendiola v. Hart*, 561 F.2d 1207, 1208 (5th Cir. 1977))); *see also New Beckley Mining Corp. v. International Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991)("Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."), *cert. denied*, 503 U.S. 971 (1992). To determine whether the state proceedings are actually parallel, the court must "examine the state proceedings as they actually exist." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) (citing *McLaughlin v. United Va. Bank*, 955 F.2d 930, 935-36 (4th Cir. 1992); *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984)).

The Complaint in this case alleges that defendants tortiously interfered with plaintiff's non-compete agreement with its former employee Tom Conroy; that defendants assisted Conroy in breaching his fiduciary duties to plaintiff by helping him disclose proprietary information; and that defendants used the misappropriated proprietary information in violation of Alabama law. Plaintiff has sued Conroy in state court, alleging he breached the non-compete agreement and breached his fiduciary duty to plaintiff by disclosing proprietary information. (Doc. 4, Ex. A.) Defendants are not parties to the state-court action.

Clearly, the resolution of the state-court action between plaintiff and Conroy may

4

involve similar issues (i.e. the validity of the non-compete agreement and whether *Conroy*, who is not a defendant in the instant action, obtained and disseminated plaintiff's proprietary information), but resolution of those issues will not conclusively decide whether one or more of the defendants are liable to plaintiff for tortious interference with Conroy and plaintiff's contractual relationship[2] and/or whether one or more of the defendants illegally disclosed and used plaintiff's proprietary information.[3] These claims require examination of each

---

[2]In order to prove its claim that defendant tortiously interfered with its contractual relationship with Conroy, plaintiff must prove (1) the existence of the contract *and*:

> 2) the defendant's knowledge of the contract or business relation; 3) intentional interference by the defendant with the contract or business relation; 4) the absence of justification for the defendant's interference; and 5) damage to the plaintiff as a result of the interference.

*Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, No. 1012054, 2003 WL 1900706, *6 (Ala. Apr. 18, 2003).

[3]In order to establish defendants' liability for disclosing or using its proprietary information, plaintiff must demonstrate:

> (1) That person discovered the trade secret by improper means;
>
> (2) That person's disclosure or use constitutes a breach of confidence reposed in that person by the other;
>
> (3) That person learned the trade secret from a third person, and knew or should have known that (i) the information was a trade secret and (ii) that the trade secret had been appropriated under circumstances which violate the provisions of (1) or (2) above; or
>
> (4) That person learned the information and knew or should have known that it was a trade secret and that its disclosure was made to that person by mistake.

*Alagold Corp. v. Freeman*, 20 F. Supp. 2d 1305, 1314 (M.D. Ala. 1998)(quoting Ala. Code

5

defendant's conduct, and defendants are not parties to the state court action. Because the resolution of the state-court proceedings will not resolve all substantive issues, the proceedings are not parallel and *Colorado River* abstention is not proper. *See Moses H. Cone Memorial Hosp.*, 460 U.S. at 28.

Therefore, defendants' Motion to Dismiss is due to be denied.

## CONCLUSION

Based on the foregoing, the court finds that defendants' Motion to Dismiss, (doc. 4), is due to be denied. An order denying defendants' Motion to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 17th day of June, 2003.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

---

§ 8-27-3), *aff'd without opinion* 237 F.3d 637 (11th Cir. 2000).